**POYDRAS vs. TAYLOR ET AL.**

APPEAL FROM THE COURT OF THE FOURTH DISTRICT FOR THE PARISH OF
POINTE COUPEE, THE JUDGE OF THE SECOND PRESIDING.

In a conservatory action, to enforce the provisions of a Will and cause to be
rescinded the sale of certain slaves, made contrary to its provisions, a remote
vendee of two of the slaves, residing in another parish, cannot be sued and
made to answer at a different domicil from his own.

This is an action under the will of the late Julien Poydras,
to enforce its provisions and rescind the sale of several slaves
belonging to one of the plantations of the testator, now owned
by the defendant, Taylor, who, it is alleged, sold off and sepa-
rated these slaves from the plantation, contrary to the express
provisions of the will of J. Poydras, and the conditions under
which he purchased the plantation and slaves. Two of these
slaves was sold to S. Hiriart, Esq., who resides in another
parish from that in which suit is brought, to wit: in West
Baton Rouge. Taylor, his vendor, is made a party; and he
(Hiriart) is cited also, and required to answer to this suit in
the parish of Pointe Coupée. He excepted, pleaded commo-
rancy, and averred his domicil to be in West Baton Rouge.
The exception was sustained and the plaintiff appealed. See
9 Louisiana Reports, 488, 492, and the preceding case of Poy-
dras against Taylor et al.

*L. Janin,* for the plaintiff and appellant.

*Eustis & Mitchell,* for the defendants.

*Garland, J.* delivered the opinion of the court.

The object of this suit and the facts of the case are fully stat-
ed in the opinion of the court, delivered last week, in the case
of Poydras *vs.* Taylor and others, *ante* 12. Hiriart was made
one of the defendants in that suit, and it was alleged he was
the purchaser of two of the slaves, affected by the will of the
late Julien Poydras, which were sold to him (Hiriart) by
Taylor, and the sale asked to be annulled. Hiriart excepted

to the jurisdiction of the court, alleging and proving, he was a resident of the parish of West Baton Rouge. His exception was sustained, the suit, as to him, dismissed and the plaintiff appealed. We are of opinion there is no error in the judgment of the District Court. It is a well established law that every person must be sued in the parish where he has his domicil, unless in those cases where an exception is made to the general rule. There are a number of exceptions mentioned in our law, but we are unable to find one that will sustain the ground assumed by the plaintiff, and his counsel has not referred us to any.

In a conservatory action, to enforce the provisions of the will and cause to be rescinded the sale of certain slaves made contrary to its provisions, a remote vendee of one of the slaves residing in another parish, cannot be sued and made to answer at a different domicil from his own.

We have heretofore said that this suit was essentially conservatory. The plaintiff is not a privy or party to the contract, except, so far only, to see that the slaves, which composed the succession of Julien Poydras, deceased, shall remain in the condition he left them until the time arrives for the will to operate. The counsel for the plaintiff urges that as the judgment, if rendered in his favor, would operate upon both Taylor and Hiriart they ought to be sued together. That it may so operate to some extent, may be true, but it is not a sufficient reason to form an exception to the general provision. Hiriart it appears to us is the party most interested, and there is more reason for carrying Taylor to his parish to defend the suit; and that would probably be the result, if Hiriart should be sued in his own parish, as Taylor is his warrantor.

If Poydras was the vendor of Taylor and Hiriart a third possessor, and the suit was for a rescission of the sale, for any of the causes prescribed by law, it might make some difference, but upon that point it is not necessary to express an opinion in this case.

The judgment of the District Court is, therefore, affirmed with costs.